**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 20 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GUSTAVO LUNA-RUIZ, | No. 17-55803 |
| Petitioner-Appellant, | D.C. No. 2:14-cv-02482-VAP |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent-Appellee. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-55804 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 2:13-cv-05059-VAP-AJW |
| GUSTAVO LUNA-RUIZ, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief Judge, Presiding

Submitted February 8, 2019**
Pasadena, California

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: GOULD and NGUYEN, Circuit Judges, and MARBLEY,*** District Judge.

Petitioner Gustavo Luna-Ruiz (aka Gustavo De La O) appeals the district court's judgment denying his 28 U.S.C. § 2241 habeas corpus petition challenging a magistrate judge's certification of the government's request under 18 U.S.C. § 3184 for Petitioner's extradition to Mexico to face aggravated homicide charges. We have jurisdiction under 28 U.S.C. §§ 1291, 2253(a), and we affirm.

1.      On habeas review, the district court must uphold the magistrate judge's probable cause determination if any competent evidence supports the determination. *Manta v. Chertoff*, 518 F.3d 1134, 1145 (9th Cir. 2008). We review de novo whether the district court erred in denying a habeas corpus petition challenging certification of an extradition order. *McKnight v. Torres*, 563 F.3d 890, 892 (9th Cir. 2009).

2.      Competent evidence supports the magistrate judge's probable cause determination for the crime of aggravated homicide. Petitioner is charged with aggravated homicide as defined by Articles 147–148 of the Penal Code for the State of Baja California, Mexico. As relevant here, a homicide is aggravated when the killer has an unfair advantage because of the weapons used, such as when the

---

***      The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

2

killer is armed and the victim is not; but a homicide is not aggravated if the killer acts in self-defense. Penal Code for the State of Baja California, art. 148. Eyewitness accounts of the shooting state that the victim punched Petitioner while Petitioner was seated inside a vehicle. Petitioner then shot the victim in the head at point-blank range and drove away, leaving the victim to die. The eyewitness accounts are competent evidence supporting the magistrate judge's conclusion that probable cause existed for the charged crime of aggravated homicide.

Petitioner argues that the incident was not an aggravated homicide because the shooter acted in self-defense.[1] The government contends that Petitioner's argument is an affirmative defense that does not affect a probable cause determination for extradition. Courts generally do not consider affirmative defenses when determining whether probable cause exists to support an extradition request. *See, e.g.*, *Charlton v. Kelly*, 229 U.S. 447, 462 (1913) (holding that the magistrate properly excluded evidence of insanity in an extradition proceeding because the defense was properly reserved for determination at trial in the charging jurisdiction). But even assuming *arguendo* that Petitioner's claim is properly

---

[1] Petitioner raises this argument for the first time on appeal. "As a general rule, we do not consider issues raised for the first time on appeal." *Manta*, 518 F.3d at 1144. But we recognize an exception where "plain error has occurred and an injustice might otherwise result." *Id.* (quoting *United States v. Flores-Montano*, 424 F.3d 1044, 1047 (9th Cir. 2005)). Because an erroneous extradition order would affect Petitioner's substantial rights, we review the magistrate judge's probable cause determination for plain error.

before us, it still fails because competent evidence supports the magistrate judge's probable cause determination. We therefore conclude that the magistrate judge did not commit error—plain or otherwise—in finding probable cause supported the crime charged.

3. The record contains ample competent evidence to support the magistrate judge's determination that there was probable cause to conclude that Petitioner was the individual who perpetrated the crime. Two eyewitnesses identified Petitioner's photograph as that of the shooter. Two other individuals identified Petitioner as the person they knew to be Gustavo Luna-Ruiz, the person wanted for the shooting. Although Petitioner raises several objections to the procedures used to obtain the eyewitness identifications, "there is no *per se* rule that specifies which identification procedures are 'competent' for probable cause purposes." *Quinn v. Robinson*, 783 F.2d 776, 815 (9th Cir. 1986); *see also Manta*, 518 F.3d 1144–45. Accordingly, the procedures used to obtain the identifications do not negate the identifications as competent evidence to support the magistrate judge's probable cause determination at the extradition certification.

AFFIRMED.